NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 22 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARTHA TORRES-TORRES,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No.    19-73186

Agency No. A206-515-618

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 13, 2022**
San Francisco, California

Before:  S.R. THOMAS and GOULD, Circuit Judges, and WU,*** District Judge.

Petitioner Martha Torres-Torres is a native and citizen of Mexico who entered

the United States through the San Ysidro port of entry. Petitioner was charged with

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*     The Honorable George H. Wu, United States District Judge for the Central District of California, sitting by designation.

removal as an unlawful alien in violation of 8 U.S.C § 1182(a)(7)(A)(i). After conceding her removability, Petitioner filed an application for asylum, withholding of removal, and Convention Against Torture ("CAT") relief based on her political opinion and her membership in particular social groups.[1] Petitioner said that she was fleeing Mexico because of her fear of the gang in the area, the Knights Templar. Petitioner alleged that the Knights Templar kidnapped and beat her husband, Jaime Vega Del Toro, on three occasions.[2] In February 2013, the townspeople drove out the local gang. In June 2013, Petitioner was threatened by the Knights Templar because of her husband's active participation in the fight to drive them out and she thereafter fled to the United States.

On March 30, 2018, a hearing was held before an immigration judge ("IJ"). Petitioner testified in support of her application for relief. Petitioner's husband, Jaime Vega Del Toro, was supposed to appear virtually to testify at the hearing, however, he was in custody and could not be reached after the IJ made several attempts to reach him at the contact number supplied by Petitioner's counsel. Petitioner requested a continuance to allow time for her husband's testimony. The government opposed the continuance but indicated it was willing to stipulate that

---

[1] Petitioner contends that her proposed social groups are: (1) the nuclear family of Jaime Vega Del Toro; (2) family members of those who fought against gangs in Mexico; and (3) parents of the children of Jaime Vega Del Toro.
[2] Petitioner states that the last incident where her husband was beaten was in December 2012, with two other prior occurrences before December 2012.

Del Toro would have testified consistently with his five-page statement that had previously been submitted. Petitioner accepted the stipulation; the IJ agreed to consider it; and the motion for continuance was denied. That day the IJ denied Petitioner's application for relief and ordered her removed to Mexico. Although Petitioner was found credible, she did not satisfy her burdens of proof for asylum, withholding of removal, and CAT protection. The IJ rejected Petitioner's political opinion, fear of persecution, and particular social group claims.

Petitioner appealed to the BIA challenging the IJ's: (1) denial of her request for a continuance so that her husband could testify; (2) conclusion that her family members in Mexico were similarly situated regarding the likelihood of future harm; and (3) application of the standard of proof when analyzing her likelihood of suffering future harm. Petitioner also argued that her hearing was fundamentally unfair. The BIA dismissed Petitioner's appeal on November 14, 2019. Petitioner appeals the BIA's denial of her requested relief.

We review for substantial evidence the factual findings underlying the BIA's determination that an applicant is not eligible for asylum or withholding of removal. *See Zhao v. Mukasey*, 540 F.3d 1027, 1029 (9th Cir. 2008). "Substantial evidence means the [BIA]'s holding is supported by reasonable, substantial, and probative evidence on the record." *Castillo v. Barr*, 980 F.3d 1278, 1283 (9th Cir. 2020) (internal quotation marks omitted). We review de novo the BIA's determination of

questions of law, including due process challenges. *See Grigoryan v. Barr*, 959 F.3d 1233, 1239 (9th Cir. 2020). The denial of a continuance is reviewed for abuse of discretion. *Arrey v. Barr*, 916 F.3d 1149, 1158 (9th Cir. 2019).

First, the BIA correctly held that the IJ did not abuse his discretion in denying the continuance sought by Petitioner to allow testimony from Petitioner's husband. The IJ admitted the husband's statement and found that the testimony of the husband to be gained by a continuance would have been cumulative, because the husband's statement basically mirrored Petitioner's testimony. We conclude that there was no error here.

Next, Petitioner contends that the IJ erred in concluding her family members in Mexico were similarly situated when analyzing the likelihood of future harm from gang contact. We disagree with Petitioner. Petitioner argues that she and her children are perceived by the gangs as the "immediate family members of Jaime Vega del Toro while Petitioner's cousins, uncles and friends are not." Petitioner cannot say with certainty what the gang has perceived. The fact that Petitioner's family members may not be nuclear family of Jaime Vega Del Toro does not mean that the gangs, who know that Petitioner's relatives in Mexico are related to Jaime Vega Del Toro as well, would not have targeted Petitioner's secondary family members in Mexico. That Petitioner's relatives in Mexico have not been harmed or harassed by the gangs at all evinces a lack of interest. Even assuming that there may be some

merit to Petitioner's arguments, given the deferential standard of review, we may not overturn the BIA on this point.

Third, Petitioner argues that IJ's application of the standard of proof when analyzing her likelihood of suffering future harm was incorrect. Petitioner argues that the IJ's citation to *Gui v. INS*, 280 F.3d 1217 (9th Cir. 2002), suggests that it erroneously applied a "clear probability" standard to Petitioner's asylum claim in this case. However, review of the IJ's decision and the BIA's affirmance show that, while the IJ cited to *Gui* to highlight the factual similarity, the long passage of time, the IJ did in fact apply the correct legal standard. The BIA noted that the IJ had explicitly enunciated the correct standard, and the record supports that conclusion.

Lastly, Petitioner argues that her hearing before the IJ was fundamentally unfair. Petitioner argues that the IJ did not permit her a reasonable opportunity to rebut the government's concerns about the boyfriend's credibility. The BIA concluded that the IJ gave Petitioner's counsel an opportunity to rebut these concerns. Even if Petitioner presented a valid argument for the IJ to allow the husband's testimony, his testimony would have been cumulative of Petitioner's husband's statement that the IJ already accepted into the record, and of Petitioner's own testimony. Petitioner does not show any prejudice. *See Gomez-Velazco v. Sessions*, 879 F.3d 989, 993 (9th Cir. 2018).

**PETITION FOR REVIEW DENIED.**